ARTURO T. MANRARA et al., Appellants, *v.* SARA W. MURPHY, Respondent, et al., Defendants.

Argued October 3, 1946; decided November 14, 1946.

*Thomas A. Litsch* for appellants. I. Plaintiffs' second cause of action accrued in 1945 and is not barred. (*Bergmann* v. *Lord,* 194 N. Y. 70; *Altman* v. *Finkel,* 268 App. Div. 666, 295 N. Y. 651; *Press Pub. Co.* v. *McGill,* 136 N. Y. S. 177; *Stevens Co.* v. *Maus,* 155 App. Div. 249; *Bank of United States* v. *Rosengarten,* 175 Misc. 677.) II. The court below erred in holding, as a matter of law, that the plaintiffs are presumed to have known of this defendant's fraud more than six years ago, and that the action is barred since the facts did not indicate, nor would diligent inquiry have disclosed, her fraudulent intent. (*Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290; *Altman* v. *Finkel,* 268 App. Div. 666, 295 N. Y. 651; *Higgins* v. *Crouse,* 147 N. Y. 411; *Matter of Di Crocco,* 170 Misc. 826; *Ga Nun* v. *Palmer,* 216 N. Y. 603; *Baldwin* v. *Short,* 125 N. Y. 553; *Greenwald* v. *Wales,* 174 N. Y. 140; *Hanlock* v. *Eric,* 23 F. Supp. 692; *Pitcher* v. *Sutton,* 238 App. Div. 291; *Buttles* v. *Smith,* 281 N. Y. 226; *McKenzie* v. *Wappler Electric Co., Inc.,* 215 App. Div. 336; *Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139; *Erickson* v. *Quinn,* 47 N. Y. 410; *Seely* v. *Seely,* 164 App. Div. 650; *Calligari* v. *Sartori,* 174 App. Div. 103, 219 N. Y. 655.) III. Prior to 1944, diligent inquiry would not have disclosed the fraud of this defendant. (*Erickson* v. *Quinn,* 47 N. Y. 410; *Spallholz* v. *Sheldon,* 148 App. Div. 573; *Higgins* v. *Crouse,* 147 N. Y. 411; *Davison* v. *Hewitt,* 106 P. 2d 733; *Bailey* v. *Glover,* 88 U. S. 342.) IV. The motion should have been denied because there is an issue of fact as to when discovery was made. (*Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139; *Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290; *Rosenberg* v. *Rosenberg,* 241 App. Div. 510; *Dumbadze* v. *Lignante,* 244 N. Y. 1; *Flynn* v. *Royal Development Co.,* 37 N. Y. S. 2d 640, 265 App. Div. 592; *Carmody* v. *Royal Development Co.,* 258 App. Div. 1032; *Roulston* v. *Warner,* 134 Misc. 459; *Rosenberg* v. *Rosenberg,* 241 App. Div. 510.)

*George I. Gross* and *Clayton R. Lusk* for respondent. I. The second alleged cause of action is barred by the Statute of Limitations. (*Bergmann* v. *Lord*, 194 N. Y. 70; *Cary* v. *Koerner*, 200 N. Y. 253; *I. & T. N. Bank* v. *Quackenbush*, 143 N. Y. 567; *Baumler* v. *Ackerman*, 63 Hun 40; *Conyngham* v. *Duffy*, 125 N. Y. 200; *Hearn 45 St. Corp.* v. *Jano*, 283 N. Y. 139.) II. The third alleged cause of action is barred by the Statute of Limitations. (*Higgins* v. *Crouse*, 147 N. Y. 411; *Burkan* v. *Ex-Lax, Inc.*, 168 Misc. 735; *Sielcken-Schwarz* v. *American·Factors, Ltd.*, 265 N. Y. 239; *Ectore Realty Co., Inc.*, v. *Manufacturers Trust Co.*, 250 App. Div. 314; *Klotz* v. *Angle*, 220 N. Y. 347; *Taft* v. *Wright*, 47 How. Pr. 1, 59 N. Y. 656; *Buttles* v. *Smith*, 281 N. Y. 226; *Hearn 45 St. Corp.* v. *Jano*, 283 N. Y. 139; *Werbelovsky* v. *Rosen*, 260 App. Div. 222; *Nasaba Corp.* v. *Harfred Realty Corp.*, 287 N. Y. 290.)

*Per Curiam.* The appellants in their brief limit the appeal to so much of the judgment appealed from as " dismisses the second and third causes of action in the amended complaint ".

In connection with the second cause of action, we are concerned with the Statute of Limitations applicable to an action by a judgment creditor under section 1189 of the Civil Practice Act to reach property conveyed in fraud of creditors and to subject it to the satisfaction of his demand. Since no limitation of time for the commencement of such an action is specially prescribed by any statute, section 53 of the Civil Practice Act applies, and the time limited by that section is " ten years after the cause of action accrues." Section 1189 of the Civil Practice Act provides that the judgment creditor may maintain the action when an execution against the property of the judgment debtor has been returned wholly or partly unsatisfied. The alleged fraudulent transfer was made prior to the return of execution unsatisfied on June 14, 1933, and accordingly the action accrued on that date. The present action was commenced on April 23, 1945, more than ten years thereafter. The fact that a second execution on the same judgment was returned unsatisfied on April 9, 1945 — less than ten years before the commencement of this action — did not revive the action, which " accrued " on June 14, 1933, and was barred on June 14, 1943.

The third cause of action is claimed to be an action for actual

fraud which was not discovered by the plaintiffs until less than six years before the action was commenced. Statements under oath made by one of the plaintiffs and by plaintiffs' counsel disclose that the fraud, if any, was known to the plaintiffs and their counsel more than ten years before the action was commenced.

We are constrained to conclude that the second and third causes of action were properly dismissed.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgment affirmed.